FILED

FEB - 2 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 08-18230-A-13F
                                         DC No. SAH-1
CHRIS CONLEY

            Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE DEBTOR'S MOTION TO VALUE COLLATERAL
OF SELECT PORTFOLIO SERVICING, INC.

A hearing was held January 29, 2009, on the motion of the debtor to value the collateral of Select Portfolio Servicing, Inc. ("Select Portfolio").  The motion was noticed under Local Bankruptcy Rule 9014-1(f)(1).  No timely written opposition was filed.  The court inadvertently marked the motion as resolved without oral argument and issued a pre-hearing disposition which indicated that the motion would be granted.

That pre-hearing disposition was in error.  By its terms, the motion cannot be granted.

The declaration of Chris Conley in support of the motion states that the debtor wishes to value real property located at 1577 Vineyard Place, Hanford, California (the "Property"). Conley stated in his declaration that he believes the value of the Property at the time the petition was filed was $234,630.

At the time the petition was filed, there was a senior deed

of trust in favor of Washington Mutual in the amount of $231,507.62 and a second deed of trust securing the obligation to Select Portfolio in the amount of $57,016.06. The value of the Property at the time the petition was filed exceeded the amount of the obligation secured by the first deed of trust by $2,122.38. Thus, there is some equity to support the obligation owed to Select Portfolio. For that reason, the obligation owed to Select Portfolio may not be treated as entirely unsecured. See, 11 U.S.C. § 1322(b)(2). In this case, Select Portfolio is entitled to the protection of § 1322(b)(2) because there is some value to support its security interest. See, In re Zimmer, 313 F.3d 1220 (9th Cir. 2002). See also, Lam v. Investors Thrift (In re Lam), 211 B.R. 36 (9th Cir. BAP 1997).

    For the foregoing reasons, the motion to value collateral of Select Portfolio has been denied by separate order.

DATED: February 2, 2009.

                                                      WHITNEY RIMEL, Judge
                                                    United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF FRESNO       )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On February 2, 2009, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Susan A. Hemb, Esq.
1530 E. Shaw Ave., #104
Fresno, CA 93710

Michael H. Meyer
P. O. Box 28950
Fresno, CA 93729-8950

Select Portfolio Servicing
1041 Deerwood Park
Jacksonville, FL 32256

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on February 2, 2009, at Fresno, California.

*Kathy Torres* (signature)

Kathy Torres, PLS